UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID MANNI,
an individual,

       Plaintiff,

v.

Case No.

METROPOLITAN LIFE
INSURANCE COMPANY,
a foreign corporation,

       Defendant.
_____/

## COMPLAINT

NOW INTO COURT, comes Plaintiff, David Manni, by and through undersigned counsel, and hereby sues Defendant, Metropolitan Life Insurance Company, and for a cause of action states as follows:

## JURISDICTION

1. This is a cause of action arising out of 29 U.S.C. Section 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA").

## VENUE

2. At all times material hereto, Defendant was doing business within the Middle District of Florida, out of which business this cause of action arises.

## PARTIES

3. Plaintiff, David Manni, is a citizen of the State of Florida, County of Seminole, and is an individual of the full age of majority.

4. Defendant, Metropolitan Life Insurance Company, is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

## COUNT I

5. At all times material hereto, Plaintiff was an employee of Deloitte LLP. In connection with said employment, Plaintiff was entitled to benefits pursuant to an Employee Welfare Benefits Plan, as that term is defined in ERISA. Among other benefits, Plaintiff was entitled to group Long Term Disability benefits.

6. Defendant issued a Policy of Insurance (hereinafter the "Policy") insuring the Long Term Disability benefits made the subject of this cause of action. Attached hereto as Composite Exhibit A are the documents in Plaintiff's possession evidencing that obligation.

7. Defendant is the party charged with rendering benefit determinations for Long Term Disability benefits claims.

8. Defendant is the party charged with paying any such claims out of its own assets.

9. As a result of the allegations contained in Paragraphs Six (6) through

Eight (8) above, Defendant was operating under a conflict of interest in the decision making process relative to the benefit entitlement made the subject of the instant cause of action.

10. As a result of said conflict of interest, the adverse benefits determination made the subject of this cause of action was tainted and materially and adversely impacted thereby.

11. Notwithstanding Defendant's conflicted benefits determination to the contrary, Plaintiff is, and for all periods of time material hereto has been, totally disabled, as that term is defined in the Policy, and is entitled to payment of Long Term Disability benefits, as called for in the Policy, for the period of time called for therein.

12. All conditions precedent to the bringing of this cause of action have been met or waived by Defendant.

13. Plaintiff has complied with all administrative appeal procedures required by the Defendant, to no avail.

14. Plaintiff is entitled to group disability benefits from October 6, 2020 to date and continuing.

15. Plaintiff has retained the law firm of Herbert M. Hill, P.A. and has agreed to pay a reasonable fee for services rendered in this matter.

WHEREFORE, Plaintiff prays for entry of a Judgment in his favor

awarding the relief outlined in Paragraph 14 above and for interest, attorney's fees and costs.

DATED: August 26, 2021

/s/ Herbert M. Hill
Herbert M. Hill, Esquire, Trial Counsel
Florida Bar No. 328464
Michael Ann Woodard, Esquire
Florida Bar No. 116479
Herbert M. Hill, P.A.
Post Office Box 2431
Orlando, FL 32802
Office: 407/839-0005
Fax:    407/839-1118
Email: hmh@herbertmhill.com
       Maw@herbertmhill.com
Counsel for Plaintiff